IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL GLENN FULLER :
:
:
:
v. : Civil No. CCB-12-1913
: Related Crim. No. CCB-08-599
:
UNITED STATES :

**<u>MEMORANDUM</u>**

Federal prison inmate Michael Glenn Fuller has filed a motion to vacate his conviction under 28 U.S.C. § 2255. Mr. Fuller claims his counsel was ineffective at his trial, at sentencing, and on appeal, and that his sentence should be vacated under the Sixth Amendment. For the reasons set forth below, Mr. Fuller's motion will be denied.

On December 18, 2008, Mr. Fuller was charged in a one-count indictment with possession of a firearm after a prior conviction for a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. § 922(g)(1). On April 8, 2010, following a two-day jury trial, Mr. Fuller was convicted, and sentenced to a term of incarceration of 115 months. Subsequently, Mr. Fuller appealed on several grounds and his conviction was affirmed. *See U.S. v. Fuller*, 436 F. App'x 167 (4th Cir. 2011). Mr. Fuller now challenges the efficacy of his trial and appellate counsel under 28 U.S.C. § 2255. He claims that counsel: 1) failed to impeach the testimony of a civilian witness at trial; 2) failed to provide the jury with a defense exhibit at trial; 3) raised three frivolous points on appeal; 4) failed to argue on appeal that the government failed to test for certain evidence; and 5) failed to challenge the documentation of the Petitioner's prior conviction at sentencing. (ECF No. 116.)

1

As Mr. Fuller did not raise these issues on direct appeal, Mr. Fuller "must show cause and actual prejudice resulting from the errors of which he complains." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 2010). The existence of cause "must turn on something external to the defense, such as . . . a denial of effective assistance of counsel." *Id.* The court evaluates claims of inefficiency of counsel court under a two-prong test:

> Under the first prong . . . , a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness under 'prevailing professional norms . . .' In evaluating counsel's performance, [the court] must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' To satisfy the second prong . . . , a defendant must demonstrate that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'

*Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984)). Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Furthermore, the strategic decisions of counsel are virtually unchallengeable. *See Meyer v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007) (quoting *Strickland*, 466 U.S. at 690) (noting that counsel's strategic decisions in the context of ineffective assistance claims are evaluated under a "highly deferential" standard). Lastly, the petitioner must offer more than unsupported or conclusory allegations to obtain an evidentiary hearing, rather, "a habeas petitioner must come forward with some evidence that the claim might have merit." *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992).

First, Mr. Fuller argues that his trial counsel was ineffective by failing to challenge the testimony of the government's witness, Jacqueline Thomas, with her inconsistent testimony at the grand jury and at trial, and with evidence of her criminal record. As Mr. Fuller does not identify any specific instances of Ms. Thomas' alleged perjury, nor does he offer any evidence

that any of her statements were not true, he has failed to demonstrate cause under *Strickland*. Even assuming that Mr. Fuller had identified specific instances or had offered evidence, Mr. Fuller has still failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Given that Ms. Thomas did not testify that she saw Mr. Fuller in possession of a handgun nor that she saw a handgun in Mr. Fuller's car, it is unclear what strategic advantage Mr. Fuller believes could have been gained by challenging Ms. Thomas's testimony. Without identifying the value in challenging Ms. Thomas's testimony, and given the significant deference to strategic decisions, Mr. Fuller has not met his burden of showing that his counsel's decision was below any "standard of reasonableness."

Mr. Fuller also argues that counsel was ineffective for failing to introduce Ms. Thomas's criminal record. His conclusory allegation is insufficient to satisfy cause. While Ms. Thomas was charged twice in 1999 with writing two "bad checks" of less than $300, both charges were later dismissed. In addition, a "worthless check" may not qualify for admission under the federal rules without supporting evidence. While the term "worthless check" could involve circumstances which would fall within the rubric of dishonesty or false statement, it could also connote something as innocent as a check returned for insufficient funds. *Cf. United States v. Kelly*, 510 F.3d 433, 439 (4th. Cir. 2007). As Mr. Fuller has not presented any supporting evidence as to the admissibility of these charges, he cannot establish that counsel was deficient by not attacking the credibility of Ms. Thomas with her record.

Lastly, even assuming that Mr. Fuller can show cause on either contention regarding the testimony of Ms. Thomas, he fails to demonstrate prejudice under the second prong of *Strickland*. Given the limited nature of Ms. Thomas's testimony, it is unlikely that impeaching

Ms. Thomas with slight inconsistencies in her testimony or with her two previous charges would have had a substantial effect on the trial outcome.

Second, Mr. Fuller argues that he received ineffective assistance when his trial counsel failed to show the jury "defense exhibit #3." Again, as Mr. Fuller failed to raise this issue on direct appeal, he must demonstrate either cause or prejudice. *Mikalajunas*, 186 F.3d at 492-93. In support, Mr. Fuller claims that the jury was never provided with the evidence. Assuming Mr. Fuller is referring to the jury's request to see a picture of the console of the vehicle Mr. Fuller was operating the evening he was arrested, (*See* Trial Tr., ECF No. 105, at 108:9-11), based on a careful review, it is not clear that there was a failure of counsel, as the record fails to show that "defense exhibit #3" was a picture of the specific car model interior that Mr. Fuller drove that evening. (*See* Trial Tr., ECF No. 103, at 159:18-160:18.) Assuming that counsel's failure to provide the jury with "defense exhibit #3" was a material omission, Mr. Fuller has still failed to demonstrate any prejudice, as he does not identify the value of the exhibit or any likely effect on the proceeding.

Mr. Fuller next argues that counsel provided ineffective assistance on appeal through raising three frivolous arguments: 1) that the court erred in excluding expert testimony; 2) that the jury instructions were an inaccurate statement of the law; and 3) that the government failed to show that the firearm had moved in interstate commerce. Mr. Fuller separately claims that counsel failed to raise the "most important issue" related to the absence of testing for DNA evidence on the firearm on direct appeal. As both arguments involve counsel's alleged inefficacy on appeal, these will be discussed together. While a "petitioner can establish constitutionally inadequate performance [at appeal] if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker" *Bell v. Jarvis*, 236 F.3d

4

149, 180 (4th Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)), a petitioner "must show reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 687–91, 694). Furthermore, a petitioner must demonstrate that but for counsel's alleged errors the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). Mr. Fuller's conclusory statement on this "most important issue" fails to establish that an appeal based on the DNA evidence was significant and obvious enough compared to the three issues that were presented as to establish ineffective assistance of counsel, nor has Mr. Fuller adequately demonstrated that the likelihood of a different result would have been "substantial" as necessary to warrant relief under § 2255.

Finally, Mr. Fuller argues that his lawyer provided ineffective assistance by failing to appeal the reliability of a document used to establish a prior conviction at sentencing. Mr. Fuller contends that the court's use of the document to establish his 1984 conviction was improper for lack of reliability, however, his argument fails based on the second prong of the *Strickland* test. "[T]o demonstrate prejudice at the sentencing stage, a defendant must show that, but for counsel's deficient performance, there was at least a reasonable probability of a different sentence." *Aylor v. United States*, 2011 WL 2118694, at *4 (D. Md. 2011) (citing *Glover v. U.S.*, 531 U.S. 198, 203-04 (2001)).[1] Mr. Fuller's offense level was found to be 24 at the time of sentencing, based on both the 1984 conviction and a 1998 conviction. Determining that Mr. Fuller's criminal history category was V, and after review of the factors stated in 18 U.S.C. § 3553(a), I sentenced Mr. Fuller to 115 months. While relying in part on the questioned document at sentencing, I also explained that Mr. Fuller would have received a 115-month

---

[1] Unpublished opinions are cited not for their precedential value but for the soundness of their reasoning.

sentence even if the 1984 conviction were excluded. (*See* Sentencing Tr., ECF No. 245, at 28:19-25.)  As no change to Mr. Fuller's sentence would have resulted from an exclusion of the 1984 conviction, Mr. Fuller has failed to demonstrate prejudice.

In summary, Mr. Fuller has failed to show grounds for relief under 28 U.S.C. § 2255. For the reasons stated above, Mr. Fuller's motion will be denied. As Mr. Fuller has not made a substantial showing of a denial of a constitutional right, a certificate of appealability is not warranted and shall be denied. *See* 28 U.S.C. § 2253(c).  A separate order follows.

| | |
|---|---|
| 6/25/13 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |